**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13163

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHN KEVIN LAPINSKI, JR.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60224-RS-1

_____

Before JORDAN, KIDD, and ED CARNES, Circuit Judges.

PER CURIAM:

John Lapinski pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), possessing a firearm while subject to a court order, in violation of 18 U.S.C. §

922(g)(8) (Count 2), possessing an unregistered silencer or suppressor, in violation of 26 U.S.C. § 5861(d) (Count 3), and possessing body armor as a violent felon, in violation of 18 U.S.C. § 931(a)(1) (Count 4).  He signed a written factual proffer supporting his guilty plea, and after conducting a plea colloquy, the district court entered a judgment of conviction on all counts.

The court imposed a total sentence of 300 months imprisonment, consisting of 108 months on Count 1, 120 months on Count 2, 60 months on Count 3, and 12 months on Count 4, all to be served consecutively.  It also imposed a two-year term of supervised release for each count, all to run consecutively, and several special conditions.

Lapinski appeals his convictions and total sentence of 300 months imprisonment, raising multiple issues. Among other things, he contends that the district court violated the double jeopardy clause by convicting him of two separate 18 U.S.C. § 922(g) offenses based on the same underlying conduct and imposing consecutive sentences for each. The government agrees.

Lapinski raises the issue of a double jeopardy violation for the first time on appeal. *See United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) ("[T]he simple failure to assert a right, without any affirmative steps to voluntarily waive the claim, is a forfeiture[.]"). As a result, we review it only for plain error.  *See id.*; *see also id.* ("We will correct a plain error when (1) an error has occurred, (2) the error was plain, and (3) the error affected substantial rights."); *United States v. Rivera*, 77 F.3d 1348, 1350 (11th Cir. 1996)

(explaining that we ordinarily review *de novo* alleged double jeopardy violations).

The double jeopardy clause "protects against multiple punishments for the same offense." *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009) (quotations omitted); *see* U.S. Const. amend. V; *see also Ball v. United States*, 470 U.S. 856, 865 (1985) (explaining that a conviction itself is punishment even if its sentence is run concurrent to another conviction). We have held that a defendant may not be punished "under two or more separate subdivisions of 18 U.S.C. § 922(g)" when the charged offenses arose from the same underlying conduct. *United States v. Winchester*, 916 F.2d 601, 606–07 (11th Cir. 1990). Lapinski's two § 922(g) convictions fall into that category. The district court plainly erred when it imposed multiple convictions and consecutive sentences for his violations of § 922(g)(1) and § 922(g)(8), which both arose from the same underlying conduct. *See id.*

Lapinski raises other challenges to his sentence, including the terms of his supervised release, but because we're vacating one of his convictions, we will not consider those challenges in this appeal. Multi-count convictions present a district judge with the need to create "a sentencing scheme" that contemplates "the total offense characteristics of a defendant's behavior." *United States v. Gari*, 572 F.3d 1352, 1366 (11th Cir. 2009) (quotation marks omitted). When we "disrupt[]" that "scheme," as we are doing here, "it is appropriate that the entire case be remanded for [re]sentencing." *Id.* (quotation marks omitted). Because terms of supervised release

are a component of a sentencing scheme or "package," *see United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023) ("Supervised release . . . is one component of the sentence imposed by a district court.") (emphasis omitted); *see also Mont v. United States*, 587 U.S. 514, 524 (2019) ("Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence."), the district court will have the opportunity to reconstruct that part of the "sentencing package" on remand. *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014).

We accept the government's concession of error and vacate Lapinski's sentence. This case is remanded with instructions for the district court to exercise its discretion in 1) choosing which of the § 922(g) convictions to vacate and 2) reconstructing the sentencing package. *See generally Ball*, 470 U.S. at 864–65 (vacating and remanding convictions violative of the double jeopardy clause for the district court to "exercise its discretion to vacate one of the convictions"). We note that the remand for resentencing doesn't "rule out the [district] court reimposing the same sentence on remand so long as" it doesn't commit the same error and considers the 18 U.S.C. § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253 (11th Cir. 2015). But we don't imply any view on Lapinski's sentence either way. That is for the district court to decide.

**VACATED AND REMANDED.**